UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SANDRA FOOTE, Individually and as Personal )
Representative of the Estate of Lester Foote, )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 16-2530 (RBW)
                                   )
JANE E. WILLIAMS,                  )
                                   )
        Defendant.                 )
_____)

**MEMORANDUM OPINION**

The plaintiff, Sandra Foote, individually and as personal representative of the estate of her late husband, Lester Foote, brings this civil action against the defendant, Jane Williams, asserting claims of negligence and negligent misrepresentation. See generally Amended Complaint in Negligence ("Am. Compl."). Specifically, the plaintiff alleges that the defendant, a Primerica Life Insurance Company ("Primerica") insurance agent, negligently failed to add the plaintiff as a beneficiary to Lester Foote's life insurance policy, and misrepresented to Lester Foote and the plaintiff that she had done so. See id. ¶¶ 35–52. Currently before the Court is the Defendant's Motion to Dismiss the Amended Complaint ("Def.'s Mot."), which seeks dismissal of the Amended Complaint on the grounds that this Court lacks personal jurisdiction over the defendant, and that the plaintiff has failed to state a claim upon which relief may be granted. See generally Def.'s Mot. Upon careful consideration of the parties' submissions,[1] the Court

___
[1] In addition to the filings previously identified, the Court considered the following submissions in rendering its decision: (1) Defendant Jane E. Williams' Memorandum of Law in Support of Her Motion to Dismiss Amended Complaint ("Def.'s Mem."); (2) the Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"); and (3) Defendant Jane E. Williams' Reply in Support of Motion to Dismiss Amended Complaint ("Def.'s Reply").

concludes for the following reasons that it must grant the defendant's motion and dismiss the Amended Complaint because the Court cannot exercise personal jurisdiction over the defendant.

## I. BACKGROUND

The plaintiff alleges the following in her Amended Complaint: In 2002, Lester Foote completed an application for a Primerica life insurance policy, see Am. Compl. ¶ 12, at the defendant's home in Philadelphia, Pennsylvania, see Def.'s Mot., Exhibit ("Ex.") D (Declaration of Jane E. Williams ("Williams Decl.")) ¶ 12. The defendant is a Primerica life insurance agent and Lester Foote's cousin. Am. Compl. ¶¶ 7, 10. In the policy, Lester Foote designated six beneficiaries, including his god-daughter, "for $1,300,000 of the $1,500,000 amount of the term life insurance policy for which he applied." Id. ¶ 13. Primerica issued the policy on May 19, 2002. See id. ¶ 15; see also id., Ex. 3 (Primerica Policy).

After Lester Foote married the plaintiff on March 31, 2010, id. ¶ 17, he sought to add the plaintiff as a beneficiary and remove all other beneficiaries except his god-daughter from the life insurance policy, id. ¶¶ 19, 21. He "contacted [the defendant] to prepare the necessary paperwork to effectuate his desired change in beneficiaries," id. ¶ 20, and completed a policy change application at the defendant's Philadelphia home, "in which he listed [the plaintiff] and [his god-daughter] as the Principal Beneficiaries," see Def.'s Mot., Ex. D (Williams Decl.) ¶ 17; see also Am. Compl., Ex. 4 (Policy Change Application ("Policy Change Appl.")). After the defendant submitted the policy change application to Primerica, "Primerica advised [the defendant] that it had received the Policy Change Application, but requested clarification as to the nature of the change being requested," id. ¶ 23; see also id., Ex. 5 (Policy Change Inquiry); however, the defendant "never provided a written response to that inquiry," id. ¶ 24.

In 2011, the defendant visited her aunt, who is Lester Foote's mother, in the District of Columbia, and Lester Foote and the plaintiff were present during the visit. Id. ¶ 25. While there, Lester Foote asked the defendant: "'Did you take care of the change of beneficiary?' [to which the defendant] responded affirmatively, stating that she had 'taken care of it.'" Id. In February 2013, the defendant again visited Lester Foote's mother's home to attend her funeral and, while there, "Lester Foote stated to [the defendant], 'Take care of my family' in the presence of [the plaintiff] and their child. [The defendant] responded by stating, 'You don't have to worry.'" Id. ¶ 26.

Lester Foote passed away on December 26, 2013. Id. ¶ 29. Following his death, the defendant visited the plaintiff at the plaintiff's home in the District of Columbia, where she "advised [the plaintiff] that she 'would be getting a lot of money soon.'" Id. ¶ 30.[2] However, after the plaintiff later made a claim for her entitlement as a beneficiary of Lester Foote's Primerica policy, id. ¶ 31, Primerica "brought an action for interpleader to determine the respective rights of the [original beneficiaries] to the proceeds of the Policy in the United States District Court for the District of Maryland," id. ¶ 32. On March 21, 2016, that court ruled that "because Lester Foote had failed to obtain written waivers from the original . . . [b]eneficiaries . . . as required by the terms of the contract, [the plaintiff], individually, had no legal right to any portion of the . . . insurance proceeds." Id. ¶ 34.

The plaintiff filed her original Complaint in this action on December 8, 2016, in the Superior Court of the District of Columbia, alleging "a single count of negligence against Jane E. Williams[] arising from her alleged conduct . . . with regard to a life insurance policy issued to

---

[2] The defendant disputes that these three communications occurred, see Def.'s Mot., Ex. D (Williams Decl.) ¶¶ 20–22, but the Court must resolve these "factual discrepancies . . . in favor of the plaintiff" at this stage of the litigation. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).

3

Lester Foote." See Notice of Removal of Civil Action from the Superior Court of the District of Columbia ¶ 1. The defendant removed the action to this Court on December 30, 2016, see id. at 4, and filed a motion to dismiss the complaint on January 13, 2017, see Defendant Jane Williams' Motion to Dismiss at 1 (Jan. 13, 2017), ECF No. 7. The plaintiff filed her Amended Complaint in this Court on February 3, 2017, asserting a claim for negligence as well as a claim for negligent misrepresentation. See Am. Compl. at 6, 9, 11.[3] Specifically, the plaintiff argues that the defendant "had a duty to make reasonable efforts to perform [ ] service[s] for her client," id. ¶ 37, and breached this duty by failing to take the necessary steps to fulfill Lester Foote's request to add the plaintiff as a beneficiary to his life insurance policy, see id. ¶ 41. Furthermore, the plaintiff alleges that the defendant "negligently represented to Lester Foote on two separate occasions . . . that she had taken the requisite actions to make [the plaintiff], individually, a beneficiary of his life insurance policy, in replacement of all of the original beneficiaries other than his god-daughter, 'MBL.'" Id. ¶ 47. The defendant filed her motion to dismiss the Amended Complaint on February 17, 2017, see Def.'s Mot. at 3, arguing, among other things, that the plaintiff has not met her burden of establishing that this Court has personal jurisdiction over the defendant because "the only conduct that [the] [p]laintiff claims occurred in the District of Columbia upon which jurisdiction could even remotely be based were . . . statements that [the defendant] allegedly made in response to inquiries made by Mr. Foote." Def.'s Mem. at 2.

## II. STANDARD OF REVIEW

When a defendant moves to dismiss a case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a factual

---

[3] "Because the plaintiff timely amended [her] complaint, and because [the defendant] filed [a] separate motion[] to dismiss the plaintiff's [f]irst Complaint, the Court will deny [the defendant's] motion[] to dismiss the plaintiff's original complaint as moot." Abdus-Sabdur v. Hope Vill., Inc., 221 F. Supp. 3d 3, 7 n.2 (D.D.C. 2016) (Walton, J.).

4

basis for the court's exercise of personal jurisdiction over the defendant. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990); see also First Chi. Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988) ("[A] plaintiff must make a prima facie showing of the pertinent jurisdictional facts." (citations omitted)). Conclusory statements do not satisfy this burden. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000) (citing First Chi., 836 F.2d at 1378–79). Instead, there must be specific allegations connecting the defendant to the forum. See, e.g., Second Amendment Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). Because the Court is permitted to "consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction," Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)), those allegations may be "bolstered by . . . affidavits and other written materials as [the plaintiff] can otherwise obtain," Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005). And, although the court need not accept the plaintiff's allegations bearing upon personal jurisdiction as true, see Associated Producers, Ltd. v. Vanderbilt Univ., 76 F. Supp. 3d 154, 161 (D.D.C. 2014), "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," Crane, 894 F.2d at 456 (citation omitted).

### III. ANALYSIS

When evaluating whether it has personal jurisdiction over a defendant, the Court must first "determine whether jurisdiction over a party is proper under the applicable long-arm statute and," only if the conduct in question falls under at least one of the criteria set out in the long-arm statute, determine "whether [exerting jurisdiction over the party] accords with the demands of due process." United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). Therefore, as a first step, the plaintiff must "establish[] the [C]ourt's personal jurisdiction over the defendant" under

at least one provision of the District's long-arm statute. Day v. Cornèr Bank (Overseas) Ltd., 789 F. Supp. 2d 150, 155 (D.D.C. 2011).

In her Amended Complaint and opposition to the motion to dismiss, the plaintiff asserts that the Court can exercise personal jurisdiction over the defendant under subsections (a)(1), (a)(2), and (a)(3), see Am. Compl. ¶¶ 1–2, as well as subsections (a)(4) and (a)(6), see Pl.'s Opp'n at 2, of the District's long-arm statute, see D.C. Code § 13-423 (2001).[4] These provisions state:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . . [or]
>
> ***
>
> (6) contracting to insure or act as a surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be

---

[4] The defendant argues, without citing to any supporting legal authority, that the plaintiff "should be bound by her Amended Complaint" with regard to the provisions of the District of Columbia long-arm statute under which she is asserting personal jurisdiction, and thus, the plaintiff's reliance on subsections (a)(4) and (6) of the long-arm statute in her opposition should not be considered. Def.'s Reply at 1. However, the undersigned will again join other members of this Court in considering all long-arm statute provisions recited by the plaintiff, see, e.g., Hardy v. N. Leasing Sys., Inc., 953 F. Supp. 2d 150, 157–58 (D.D.C. 2013) (considering a provision of the long-arm statute that was not asserted in the complaint, but instead in the plaintiff's opposition to the motion to dismiss); Orellana v. CropLife Intern., 740 F. Supp. 2d 33, 37–38 (D.D.C. 2010) (Walton, J.) (considering alternate bases of jurisdiction that were not asserted in the complaint, but instead in the plaintiff's responses to the defendant's motion to dismiss); Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 43 (D.D.C. 2003) (considering a fourth basis for personal jurisdiction asserted for the first time in a supplemental memorandum), because it is permitted to "consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction," Artis, 223 F. Supp. 2d at 152.

6

> performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing . . . .

Id. § 13-423 (a)(1)–(4), (6).

**A.   D.C. Code, Section 13-423(a)(1)–(2), (6): Transacting Any Business, Contracting to Supply Services, or Contracting to Insure in the District of Columbia**

The District of Columbia Court of Appeals has made clear that "when there are no allegations that a nonresident defendant's contacts with a jurisdiction were for the purpose of transacting business as an individual, but rather were only to perpetuate a corporation's business, that defendant cannot be sued individually under the 'transacting business' prong of the long-arm statute." Flocco v. State Farm Mut. Auto. Ins. Co., 752 A.2d 147, 162 (D.C. 2000). Other members of this Court have also distinguished between transactional, contractual, and insurance-related business activity performed by a company in the District and those actions performed by an employee of that company "carried out solely in a corporate capacity." Nat'l Cmty. Reinv. Coal. v. NovaStar Fin., Inc., 631 F. Supp. 2d 1, 5 (D.D.C. 2009) (quoting Wiggins v. Equifax, 853 F. Supp. 500, 503 (D.D.C. 1994)); see also Kopff v. Battaglia, 425 F. Supp. 2d 76, 84 (D.D.C. 2006) ("[A]s a general rule, courts cannot exercise jurisdiction over individual corporate officers or employees 'just because the court has jurisdiction over the corporation.'" (quoting Flocco, 752 A.2d at 162)).

This general principle of separating the actions of corporate entities from those of their employees applies not only to the "'transacting business' prong of the long-arm statute," Flocco, 752 A.2d at 162, but also to the "contracting to supply services" and "contracting to insure" prongs because implicit in these provisions is the exercise of jurisdiction over the parties to the contract, see Willis v. Willis, 655 F.2d 1333, 1338 (D.C. Cir. 1981) (applying the "contracting for services" provision to the contracting parties only); Hardy v. N. Leasing Sys., Inc., 953 F.

Supp. 2d 150, 157–58 (D.D.C. 2013) (same); COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 524 (D.D.C. 1995) (same); see also Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc., 959 F. Supp. 2d 166, 172 (D.D.C. 2013) ("According to its plain language, the [contracting to insure or acting as a surety] clause extends jurisdiction only over claims arising from an individual's 'contracting' to insure or act as a surety.").

In this case, the plaintiff is suing the defendant on an individual basis for her actions or omissions in the context of her work as a Primerica agent. See Am. Compl. ¶¶ 7, 11–12. By executing Lester Foote's life insurance policy and submitting the policy change application for that policy, the defendant was merely acting as a Primerica employee, see id., and not "transacting business as an individual," Flocco, 752 A.2d at 162, nor was she a contracting party, see Am. Compl., Ex. 3 (Primerica Policy) at 4 (defining "we, our or us" as "Primerica Life Insurance Company"). Therefore, it follows that the defendant's conduct is not encompassed by subsections (a)(1), (2), or (6) of the District's long-arm statute. § 13-423(a)(1)–(2), (6). Accordingly, the Court cannot exercise personal jurisdiction over the defendant pursuant to these provisions.

**B.    D.C. Code, Section 13-423(a)(4): Causing Tortious Injury in the District by an Act or Omission Outside the District**

Subsection (a)(4) provides that personal jurisdiction may be based on the defendant "causing tortious injury in the District of Columbia by an act or omission outside of the District of Columbia if [she] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." § 13-423(a)(4). The District of Columbia Circuit has interpreted this provision to require (1) that the defendant caused tortious injury in the District, and (2) that one of the "plus factor[s]" referenced in the provision is present. See Crane v. Carr, 814 F.2d 758,

762 (D.C. Cir. 1987) (concluding that, because subsection (a)(4) is broad in scope, the drafters of the provision intended the "plus factor" requirement, i.e., "'some other reasonable connection between the state and the defendant' separate from and in addition to the in-state injury," to serve as a more restrictive basis for personal jurisdiction); see also D'Onofrio v. SFX Sports Grp., Inc., 534 F. Supp. 2d 86, 93 (D.D.C. 2008) (summarizing and applying Crane). Moreover, the plus factor must be "separate from and in addition to the in-state injury." Crane, 814 F.2d at 762.

Here, the plaintiff fails to establish any "plus factor" or evidence to demonstrate the defendant's regular course of business contact in the District independent of her actions that gave rise to this lawsuit. See generally Am. Compl.; Pl.'s Opp'n. Because it is the plaintiff's burden to establish a basis for personal jurisdiction, see GTE New Media Servs., 199 F.3d at 1347 ("A plaintiff seeking to establish jurisdiction over a non-resident . . . must demonstrate . . . pursuant to section (a)(4), that the plaintiff [incurred] a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of three enumerated contacts with the District."), the plaintiff must point to facts, not just conclusory statements, to establish the criteria needed for personal jurisdiction under this provision, see Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983) (emphasizing that "conclusionary statement[s] [do] not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction"). Thus, because the plaintiff has failed to identify any accompanying evidence of the existence of one of the section 13-423(a)(4) "plus factors," see generally Am. Compl.; Pl.'s Opp'n, she has failed to meet her burden to establish a basis for personal jurisdiction under subsection (a)(4) of the long-arm statute, see § 13-423(a)(4).

**C.    D.C. Code, Section 13-423(a)(3): Causing Tortious Injury in the District by an Act or Omission in the District**

Finally, subsection (a)(3) of the long-arm statute provides that personal jurisdiction may be based on the defendant "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." § 13-423(a)(3). Central to this provision is the causation factor, which "requires that both act and injury occur in the District of Columbia." Helmer v. Doletskaya, 393 F.3d 201, 208 (D.C. Cir. 2004). Thus, alone, even "intentional direction of tortious conduct into a state is [in]sufficient to confer personal jurisdiction." Id. at 209 (granting a motion to dismiss based on the fact that the plaintiff had failed to establish that the defendant's fraudulent actions and his resultant injury both occurred in the District). Here, with regard to the plaintiff's negligence claim, the Court agrees with the defendant that the "[p]laintiff's alleged injury, if any, resulted from [the defendant's] failure to effectuate the beneficiary change"—an omission which allegedly occurred in Pennsylvania, and not in this District. See Def.'s Mem. at 11. In fact, the defendant's only actions or omissions in this District were her alleged statements to Lester Foote and the plaintiff while she was in this District visiting family. See Am. Compl. ¶¶ 25, 26, 30. Thus, because these statements would only support an act constituting negligent misrepresentation claim, and not the negligence claim, there is no negligence-based causation between the defendant's actions in this District and the resultant injury in this District.

However, with regard to the plaintiff's negligent misrepresentation claim, and "assum[ing] [the] veracity" of any "well-pleaded factual matter allegations" in the Amended Complaint regarding that claim, see Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), there is apparent causation between the defendant's alleged misrepresentative statements, which were made in the District, and the plaintiff's resultant injury, see Am. Compl. ¶¶ 46–52. To prove a claim for negligent misrepresentation, the plaintiff must show that: "(1) the defendant made a

10

false statement or omission of a fact, (2) the statement or omission was in violation of a duty to exercise reasonable care, (3) the false statement or omission involved a material issue, and (4) the plaintiff[] reasonably and to [her] detriment relied on the false information." Regan v. Spicer HB, LLC, 134 F. Supp. 3d 21, 37 (D.D.C. 2015). The Court concludes that the plaintiff has sufficiently alleged that the defendant's alleged misstatements to Lester Foote and the plaintiff in the District caused the plaintiff, in the District, to detrimentally rely on the defendant's assurances that she had been named as a beneficiary on Lester Foote's life insurance policy. See Am. Compl. ¶¶ 25–26, 30–31. Thus, subsection (a)(3) of the long-arm statute is satisfied with regard to the negligent misrepresentation claim only, and this Court must therefore proceed to a due process analysis. See § 13-423(a)(3); see also Ferrara, 54 F.3d at 828 ("A personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is appropriate under the applicable local long-arm statute and whether it accords with the demands of due process . . . [by assessing] whe[ther] there are 'minimum contacts' between the defendant and the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))).

To establish minimum contacts with the District and, thus, comport with due process, "there [must] be some act by which the defendant purposefully avails [her]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).

Here, the defendant's actions in the District are not of the "quality and nature that []
manifest a deliberate and voluntary association with the forum," Am. Action Network, Inc. v.
Cater Am., LLC, 983 F. Supp. 2d 112, 119 (D.D.C. 2013) (quoting Mouzavires v. Baxter, 434
A.2d 988, 995 (D.C. 1981)) (internal quotation marks omitted), because her only contacts with
the District, separate and apart from her work as a Primerica employee, were three visits to the
District, see Am. Compl. ¶¶ 25–26, 30. These isolated visits to the District "to visit with
family," Def.'s Mot., Ex. D (Williams Decl.) ¶ 23, and not for the purpose of engaging in
business associated with her position as a Primerica life insurance agent, do not rise to the level
of purposely invoking the benefits and protections of the District, cf. Kulko v. Superior Court of
Cal. in and for City and Cty. of S.F., 436 U.S. 84, 93 (1978) (stating that basing personal
jurisdiction on one- and three-day "stop-overs" unrelated to the conduct at issue in the forum
state "would make a mockery of" due process requirements). The plaintiff does not provide any
evidence showing that the defendant purposefully availed herself of the benefits and protections
of this District other than visiting family on three sporadic occasions with no clear intention of
discussing the insurance policy. Thus, the defendant's subsection (a)(3) long-arm statute
conduct does not establish sufficient minimum contacts with the District that comports with due
process. Accordingly, the Court cannot exercise personal jurisdiction over the defendant under
subsection (a)(3) of the long-arm statute. See § 13-423(a)(3).[5]

---

[5] Because the Court concludes that it lacks personal jurisdiction over the defendant, it need not reach her alternative argument for dismissal under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the plaintiff has failed to establish a factual basis for the Court's exercise of personal jurisdiction over the defendant. Accordingly, the Court must grant the defendant's motion to dismiss.

**SO ORDERED** this 31st day of August, 2017.[6]

REGGIE B. WALTON
United States District Judge

---

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.